UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL WATKINS, on behalf of Paul
Alexander Watkins (Deceased),

                    Plaintiff,

        -against-

ARCHDIOCESE OF NEW YORK; ST.
PAUL'S CHURCH,

                    Defendants.

19-CV-10217 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

        Plaintiff, appearing *pro se*, brings this action, invoking the Court's federal question

jurisdiction. By order dated November 12, 2019, the Court granted Plaintiff's request to proceed

without prepayment of fees, that is, *in forma pauperis* (IFP).

### STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

        While the law mandates dismissal on any of these grounds, the court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Michael Watkins brings this complaint on behalf of his deceased brother, Paul Alexander Watkins. Using the general complaint form provided by this Court, Plaintiff checks the box on the form to indicate that he invokes the Court's federal question jurisdiction. In the section in which he is asked to indicate which of his federal constitutional or federal statutory rights have been violated, Plaintiff writes, "sexual abuse of a minor." (ECF No. 2 at 2.)[1]

Plaintiff alleges that the events giving rise to his claims occurred at "St. Paul's Church during bible study," on "multiple instances between 1954 & 1955." (*Id.* at 5.) Plaintiff alleges that "Paul was sexually assaulted by several clergy members from St. Paul's Church." (*Id.*) He

---

[1] Page numbers refer to those generated by the Court's electronic filing system.

asserts that his brother suffered "severe mental duress and mental illness that resulted in destructive behavior to both himself and his family." (*Id.* at 6.) He asserts further that the alleged actions of clergy members of St. Paul's Church "also led to physical pain and body dysmorphia," and "the mental illness led to [his brother] acting out in inappropriate ways leading him to being in and out of correctional institutions, depriving him of the life he deserved." (*Id.*) Plaintiff seeks $1.5 million in monetary damages.

## DISCUSSION

### A. Claims on behalf of others

The Court must dismiss Plaintiff's claims that he brings on behalf of his brother, who is deceased. The provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing [her]self." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991).

A person who is not an attorney may only represent himself in a *pro se* action; he may not represent another person. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("Because [§ 1654] permits parties only to plead and conduct their own cases personally, we have held that an individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause. That is, in order to proceed *pro se*, [a] person must be litigating an interest personal to him.") (citations and internal quotation marks omitted, italics and second alteration in original)).

Plaintiff has not alleged any facts suggesting that he is an attorney. He may not, therefore, raise claims on behalf of his deceased brother. The Court dismisses without prejudice any claims Plaintiff seeks to raise on his brother's behalf.[2] 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, transmit a copy of this order to Plaintiff,[3] and note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     November 25, 2019
           New York, New York

_____
           COLLEEN McMAHON
           Chief United States District Judge

---

[2] The Court also declines to address the timeliness of any claims Plaintiff seeks to assert on his brother's behalf.

[3] Plaintiff consents to receive electronic service. (ECF No. 3.)